UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ANN MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST COUNTY DETENTION FACILITY DOES 1-3,<br><br>　　　　Defendant. | Case No. 21-cv-02180-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California Institute for Women, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Her complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. Dkt. No. 3.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

Plaintiff alleges that, while she was a pretrial detainee at West County Detention Facility, certain Doe defendants used excessive force on her and were deliberately indifferent to her serious medical needs. The complaint will be DISMISSED with leave to amend for the following reasons because Plaintiff has failed to name a cognizable defendant. This action cannot proceed solely against Doe defendants because it is effectively impossible for the United States Marshal to serve an anonymous defendant. Plaintiff has not identified a single defendant by name. In her amended complaint, Plaintiff should identify at least one defendant by name. The Court cannot assist Plaintiff with ascertaining the identity of the Doe defendants who committed the alleged constitutional violations.

In preparing an amended complaint, the Court provides the following guidance. Plaintiff's current complaint is a narrative of events, with a conclusion that Defendants' actions constituted cruel and unusual punishment. In preparing her amended complaint, Plaintiff should identify what each defendant did (or did not do), and identify what and how each particular action (or inaction) violated a specific constitutional provision. Because Plaintiff was a pretrial detainee at the time of the alleged events, her claims arise under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (when pretrial detainee challenges conditions of her confinement, proper inquiry is whether conditions amount to punishment in violation of Due Process Clause of the Fourteenth Amendment).

2

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must identify at least one defendant by name. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-2180 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all of the defendants she wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge